DAL:MEL/MKM
F. #2011R00634

MISC14 1295

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR:

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR A SEARCH
WARRANT

THE PERSON KNOWN AND DESCRIBED
AS JAMAL LAURENT, ALSO KNOWN AS
"TAILS," DATE OF BIRTH SEPTEMBER 20,
1989, INMATE NUMBER 79075-053

GARAUFIS, J.

- - - - - - - - - - - - - - - - - - - X
EASTERN DISTRICT OF NEW YORK, SS:

Joseph Infusino, being duly sworn, deposes and states that he is a Special

Agent with the Federal Bureau of Investigation, duly appointed according to law and acting

as such.

Upon information and belief, there is probable cause to believe that in the

saliva and blood of THE PERSON OF JAMAL LAURENT there are samples of

deoxyribonucleic acid ("DNA"), which constitute evidence of violations of a conspiracy to

commit Hobbs Act robberies, in violation of Title 18, United States Code, Section 1951(a),

racketeering, in violation of Title 18, United States Code, Section 1962(c), and racketeering

conspiracy, in violation of Title 18, United States Code, Section 1962(d).

The source of your deponent's information and the grounds for his belief are

as follows:[1]

---

[1] Because this affidavit is submitted for the limited purpose of establishing
probable cause for a search warrant, I have not set forth each and every fact learned during
the course of the investigation.

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI").

I have been employed by the FBI for approximately five years. I am responsible for

conducting and assisting in investigations into the activities of individuals and criminal

groups responsible for racketeering activity, including murder, attempted murder, assault,

and robbery. I have participated in numerous investigations involving search warrants and

arrest warrants. As a result of my training and experience, I am familiar with the techniques

and methods of operation used by individuals involved in criminal activity to conceal their

activities from detection by law enforcement authorities.

2.      I have personally participated in the investigation of the offenses

discussed below. I am familiar with the facts and circumstances of this investigation from:

(a) my personal participation in this investigation, (b) reports made to me by other law

enforcement agents and authorities, (c) information obtained from confidential sources of

information, (d) interviews with witnesses, and (e) review of surveillance videos and audio

recordings and other records and reports. When I rely on statements made by others, such

statements are set forth only in part and in substance unless otherwise indicated.

3.      On November 15, 2012, a grand jury in this District returned an

indictment charging the defendant JAMAL LAURENT with, among other things, Hobbs Act

robbery conspiracy, in violation of Title 18, United States Code, Section 1951(a),

racketeering, in violation of Title 18, United States Code, Section 1962(c) and racketeering

conspiracy, in violation of Title 18, United States Code, Section 1962(d). The charges are

based, in part, on the defendant's participation in the robbery of Lux Bond & Green, a

jewelry store located in West Hartford, Connecticut.

2

4.     On June 25, 2010, members of the West Hartford Police Department responded to a report that two men robbed a Lux Bond & Green store located in West Hartford, Connecticut. According to witnesses, one of the individuals was carrying a sledgehammer and began smashing the jewelry display cases with the sledgehammer. The two men stole approximately 20 watches with a total approximate value of $583,250. The two men then fled the store and were observed entering a car, bearing the license plate number EYD2881. A stolen Nissan, bearing that license plate number, was left later that day at 25 Elm Street in Brooklyn, New York. A search of the vehicle revealed, among other things, a piece of paper bearing the telephone number (917) 214-4017. According to subscriber information obtained pursuant to a court order, the subscriber of that telephone is Peter Laurent, the father of JAMAL LAURENT.

5.     A sledgehammer was found on the ground outside of the store after the robbery on June 25, 2010. DNA swabbing was done of the handle of the sledgehammer as well as of the stolen Nissan and items found within the stolen Nissan. The Connecticut Department of Emergency Services, Division of Scientific Services Forensic Science Lab ("DNA Lab") conducted an analysis of any DNA found on these items.

6.     The DNA lab has advised that it compared the DNA profiles that could be recovered from these items with DNA profiles stored in local and national law enforcement databases. DNA from the sledgehammer matched a DNA profile for the defendant JAMAL LAURENT maintained in a law enforcement database known as the National DNA Indexing System ("NDIS").

7.     The DNA lab has further advised that to confirm that the defendant's DNA is a match to the DNA found on the sledgehammer, it will require a DNA sample

3

directly from the defendant, which can be obtained through buccal swabbing or a blood sample.

        8.     Based on the above information, there is probable cause to believe that the defendant JAMAL LAURENT is the source of DNA evidence found on the sledgehammer.  Therefore, there is probable cause to believe that a buccal swab or blood sample constitutes evidence of the defendant's commission of the charged crime.

        WHEREFORE, your deponent requests that a search warrant be issued authorizing FBI Special Agents and other appropriate law enforcement and support personnel to seize and obtain from the defendant JAMAL LAURENT a DNA sample.  The DNA sample sought herein will be collected by buccal swabbing.  This method involves taking a sterile swab (similar to a Q Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to 10 seconds.  Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested.  The samples seized will be subsequently submitted to a forensic laboratory for examination and

will be subject to examination, testing and analysis.  A blood sample will only be sought in

the event that the defendant JAMAL LAURENT refuses to submit to a buccal cheek swab.[1]

Joseph Infusino
Special Agent
Federal Bureau of Investigation

Sworn to before me this
17th day of October, 2014


s/Nicholas G. Garaufis

THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

---

[1]  As the Court is aware, on two prior occasions in 2011, the defendant resisted efforts to obtain a DNA sample through swabbing pursuant to state court search warrants. Prior to executing the warrant requested herein, the government will attempt to coordinate collection of the defendant's DNA with the assistance of defense counsel.  Should the defendant continue to resist efforts to obtain a buccal swab, I or other law enforcement personnel will seek to obtain a buccal swab, blood sample or hair sample by, if necessary, forcibly restraining the defendant.

5